UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEE ANN HUNTLEY,

    Plaintiff,

vs.                                        Case No. 5:10-cv-151-Oc-32MCR

FRIENDSHIP INN,

    Defendant.

_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Revised Joint Motion to Approve Settlement (Doc. 14) filed April 18, 2011. For the reasons set forth herein, it is respectfully recommended that the Motion be granted.

### I. INTRODUCTION

This case was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201, *et. seq.* On March 25, 2011, the parties filed their original Motion to Approve Settlement (Doc. 10) and on April 5, 2011, the district judge directed the Clerk to administratively close the file and referred the matter to the undersigned to prepare a Report and Recommendation as to whether the proposed settlement is a "'fair and reasonable resolution of a bona fide dispute' over FLSA issues." (Doc. 11) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982)).

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

The undersigned reviewed the Joint Motion and the proposed settlement agreement and directed the parties to file supplemental material as well as a revised proposed settlement agreement. (Doc. 12). In response, Defendant filed a Supplement (Doc. 13) setting forth its position on Plaintiff's claims and the parties filed the instant Revised Joint Motion to Approve Settlement (Doc. 14) along with a proposed amended settlement agreement.[2] The undersigned reviewed the motion and directed counsel for Plaintiff to file additional materials. (Doc. 15). Plaintiff filed the supplemental material on April 19, 2011 (Doc. 16) and after reviewing them, the undersigned believes the proposed settlement is due to be approved.

## II. ANALYSIS

In Lynn's Food Stores, 679 F.2d at 1352-55, the Eleventh Circuit explained that Congress made the FLSA's provisions mandatory and as such, they "are not subject to negotiation or bargaining between employers and employees" except in two narrow circumstances. Id. at 1352 (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 902 (1945)). The two circumstances are: (1) claims in which an employee accepts payment of unpaid wages supervised by the Secretary of Labor pursuant to 29 U.S.C. §216(c) and (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. §216(b). Id. at 1352-53. In the second situation, where the parties to an FLSA action reach a settlement, the proposed settlement agreement must be scrutinized by the court and the court must determine whether it is a

---

[2] As the parties filed a new motion to approve settlement, the original motion (Doc. 10) was terminated and the undersigned will only consider the new motion (Doc. 14).

"fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

Moreover, with respect to attorneys' fees and costs, the Eleventh Circuit explained the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" Silva v. Miller, 307 F.App'x. 349, 351 (11th Cir. 2009) (quoting Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946)). When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva, 307 F.App'x. 349. However, where the parties submit to the Court a proposed FLSA settlement that:

> (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

Bonetti v. Embarq Mgmt. Co., No. 6:07-cv-1335-Orl-31GKJ, 2009 WL 2371407, at *5 (M.D. Fla. Aug. 4, 2009).

In the instant case, Plaintiff claims Defendant violated the overtime provision of the FLSA by failing to pay her overtime. (Doc. 1). Additionally, Plaintiff alleges Defendant failed to pay her a minimum wage. Id. According to the supplement filed by Plaintiff, she was entitled to a total of $2,340.00 in unpaid overtime compensation. (Doc. 16). Plaintiff also claimed to be entitled to another $2,340.00 in liquidated damages, for a total recovery of $4,680.00. Id. Defendant denied Plaintiff's claims and specifically argued Plaintiff was exempt from the overtime requirements of the FLSA (Doc. 13), however, in an effort to avoid the costs and uncertainty of litigation, the parties reached a settlement of the matter. Under the proposed settlement, Plaintiff will receive $2,500.00 for unpaid overtime wages, $2,500.00 for liquidated damages, and Plaintiff's attorney will be paid $5,000.00 for fees and costs incurred on Plaintiff's behalf. (Doc. 16, Ex.1). The parties also stipulate that the fees to be paid to Plaintiff's attorney were agreed upon separately and without regard to the amount paid to Plaintiff. (Doc. 14).

Having reviewed the proposed settlement agreement and the parties' assertions in the various filings, the Court accepts the parties' contention that Plaintiff is receiving full compensation for her FLSA claims without compromise. As there has been no compromise of Plaintiff's FLSA claim, there is no reason to believe the attorney's fee portion of the settlement affected Plaintiff's recovery and therefore, there is no reason to scrutinize the fee.

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

The parties' Revised Joint Motion to Approve Settlement (Doc. 14) be **GRANTED** and the settlement agreement be **APPROVED** by the district court. It is further respectfully recommended the case be **DISMISSED** with prejudice pursuant to the agreement of the parties and the Clerk be directed to close the file.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this   21st   day of April, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record